UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM YANCEY,

Plaintiff,

-against-

GRAVY NEW YORK LLC d/b/a HARDING'S, 30 EAST 21ST STREET OWNERS CORPORATION and 30 EAST 21ST STREET COMMERCIAL CORPORATION,

Defendants.

Case No. 16CV4793

COMPLAINT

Plaintiff, KIM YANCEY (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and alleges as follows:

**INTRODUCTION**

1. This action arises under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law § 296 (the "Executive Law"), the New York State Civil Rights Law § 40 and the Administrative Code of the City New York § 8-107 (the "Administrative Code") (the cited sections of the New York State Executive Law, the New York State Civil Rights Law and the Administrative Code of the City New York are hereinafter collectively designated as the "NY Laws").

2. Plaintiff brings these claims for violation of her civil rights by the defendants as the result of their failure to provide for a means by which people in wheelchairs may be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii), and for the failure to remove architectural barriers, in violation of 42 USC § 12182(2)(A)(iv).

3. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress defendants' unlawful disability

discrimination against Plaintiff.

4. This action seeks, *inter alia*, to make the defendants' public accommodation accessible so that Plaintiff can finally enjoy the full and equal opportunity that the defendants provide to non-disabled customers.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 42 U .S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the NY Laws pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts of discrimination alleged herein occurred in this district and defendants' property which is the subject of this action is located in this district.

**PARTIES**

8. Plaintiff was diagnosed with a degenerative bone disease when she was about six months old. As a child, she was assisted in walking by wearing braces on both legs. As she grew, she began using a cane and then a walker until her bone cartilage was so badly deteriorated that it became necessary for her to use a wheelchair for mobility.

9. Plaintiff has used a wheelchair since sometime in 2007 or 2008. She no longer has any cartilage in her knees and can move for about 2 feet or less to move from her chair to a bed or toilet, if she has something to use to support herself. In addition to the bone disease, she also has scoliosis.

10. In spite of these challenges, Plaintiff has lived her life pursuing her goals and working toward self-sufficiency. As a teenager, Plaintiff was first employed as a camp

counselor, working with children with disabilities.

11. After graduating from high school, Plaintiff enrolled in college to earn a degree as an occupational therapist to fulfill her dream of helping others. She attended college in Brooklyn from 1994 to 1999. However, as time passed and her condition worsened, it became apparent that she would not have the physical capabilities the work required.

12. Plaintiff changed her major and graduated from college with an English degree. While in college, she worked for three years as the assistant to the Academic Dean.

13. Once she graduated from college, she was employed by Administration for Children Services and worked there for six years until 2005. Plaintiff currently lives independently in her own apartment, works full time, attends school working toward her Masters Degree and likes to stay as active as possible.

14. Defendant GRAVY NEW YORK LLC d/b/a HARDING'S (the "Restaurant") owns and operates a public facility primarily engaged in the sale of food and beverages, open to the general public, at the premises known and designated as 32 East 21st Street, New York, New York (the "Property"). Defendants 21ST STREET OWNERS CORPORATION and 30 EAST 21ST STREET COMMERCIAL CORPORATION (collectively, the "Landlord"; the Restaurant and the Landlord being hereinafter collectively known as the "Defendants") jointly own the Property.

**FACTS COMMON TO ALL CAUSES OF ACTION**

15. Each of the Defendants is required to comply with the ADA and the NY Laws as they own and/or lease and/or operate and/or control the Restaurant situated in the Property, which is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law(§ 292(9)) and the Administrative Code(§ 8- 102(9)) as its operations affect commerce and among other things, it is an establishment that serves food

and drink.

16. Numerous architectural barriers exist at Defendants' place of public accommodation that prevent and/or restrict access to Plaintiff, a person with a disability.

17. At some time after January 1992, the Defendants, or either of them, made alterations to the Restaurant.

18. At some time after January 1992 the Defendants, or either of them, made alterations to the primary function areas at the Restaurant.

19. Plaintiff works in the area where the Restaurant is located and last attempted to access the Restaurant prior to the filing of this action on May 17, 2016.

20. The services, features, elements and spaces of the Restaurant are not readily accessible to, or usable by Plaintiff as required by the 2010 ADA Standards for Accessible Design (the "Standards").

21. The records of the New York City Department of Buildings reveal that substantial alterations have taken place at the Property since the implementation of the ADA, the precise nature and scope of which are presently unknown.

22. Because of Defendants' failure to comply with the above-mentioned laws, Plaintiff was, and has been, unable to enjoy equal and complete access to Defendants' place of public accommodation. Defendants' failure to make their place of public accommodation accessible denies Plaintiff the opportunity to participate in or benefit from services or accommodations on the basis of disability.

23. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws.

24. Defendants have failed to satisfy their legal obligation to provide reasonable accommodations for persons with disabilities.

25. Barriers to access within Defendants' place of public accommodation continue to exist, and Plaintiff will continue to suffer discrimination in the future. Plaintiff will continue to visit the Restaurant and will attempt to enjoy the goods and services provided as soon as the barriers hereinafter set forth have been removed.

26. The barriers to access at the Restaurant have effectively denied or diminished Plaintiff's ability to visit the property and have caused embarrassment and frustration to the Plaintiff.

27. An investigation of the Restaurant was undertaken and all of the barriers hereinafter described were encountered by Plaintiff or have been discussed with her. Copies of photos demonstrating some of those barriers are annexed hereto as Exhibit A and incorporated by reference herein.

28. The entrance door to the Restaurant opens outward to the sidewalk. The door has a lever handle on the outside and a knob that turns on the inside for exiting. The door is recessed approximately 20" and there is no 18 inch space on the pull side of the door. There is a rise/step in front of the door from the sidewalk approximately 4" high. There is also a ¾" bevel as you enter.

After entry, there is a foyer approximately 5' deep, with less than 48 inches clearance for the door swing. There is a small decorative table on the left side of the entrance which further restricts the available space for someone to hold the door open while a person in a wheelchair passes through. There is an interior door which opens into the foyer.

The entrance to the Restaurant presents the following violations (all of the statutory violations set forth below refer to the Standards, unless otherwise noted):

a) The step at the entrance means there is no accessible route because the step at the door creates a rise within the maneuvering clearance which Plaintiff cannot navigate in her

wheelchair. This prevents Plaintiff from moving from the sidewalk into the restaurant (201.1, 206.2.1, 206.4, 402).

b) Despite substantial alterations to the Property, by leaving the step at the door, the Defendants have failed to meet the requirement that the path of travel to the altered area is accessible, to the maximum extent feasible (202.4).

c) Due to the failure of the Defendants to ramp the rise over ½ inch at the entrance, there is no accessible route, capable of navigation by a person in a wheelchair (206.4, 303.2, 303.4, 402.1, 402.2, 403.4, 404, 405).

d) The lack of a 48 inch clearance between the entrance door and the foyer door creates an entrance route which Plaintiff cannot navigate independently, and violates 404.2.6.

e) The recessed entrance door does not have the minimum 60 inch level maneuvering clearances required for persons like the Plaintiff to enter independently and has no 18 inch clearance on the pull side, as required (404.2.4, 404.2.4.1, 404.2.4.3, 404.2.4.4).

f) There are no railings on the entrance step which extend on the top and bottom, as required by 504, 505, 505.10.

There is table dining in the front and back of the Restaurant. There are multiple size tables in each section (round, square and oblong). All of the tables are "peg leg" style. The tables are free standing and can be moved about to accommodate small or large groups. None of the tables are ADA compliant and will not allow the Plaintiff to pull up in her wheel chair to eat allowing her the required space needed for her knees and legs. In between the table dining areas there is a bar more than 40" high, with bar stool seating.

The dining areas present the following violations:

g) There is no accessible seating or table in any of the dining areas which allow enough space for the Plaintiff to comfortably sit in her wheelchair (226.1, 226.2, 306, 306.1,

306.2, 306.3, 902).

There are multiple bathrooms labeled "Men", "Women" and "Handicap", located behind the bar. The Handicap bathroom was inspected.

The door to this bathroom is only 29" wide and would not allow the Plaintiff to enter the toilet room in her wheel chair. The door has a knob that must be turned for entry and exit. The lock on the inside of the door is a small latch that would be difficult for the Plaintiff to reach, pinch and slide due to limited hand dexterity. The bathroom door opens into the clear floor space and would not allow enough room for the Plaintiff to enter and close an ADA compliant door.

The toilet and sink are located to the left of the door. The toilet has a push button flusher on the back of the toilet. The sink handles are 40 inches high and are "spindle" type which require tight gripping (rather than levers, which are easily manipulated). The pipes under the sink are not wrapped, leaving exposed pipes under the sink. There is a small table behind the sink that has paper towels on it, which interferes with the required floor space for a forward approach to the sink. There is a mirror above the sink with the bottom reflective edge 46 inches above the floor.

The so called "Handicap" bathroom presents the following violations (the statutes set forth below for the bathroom violations reference the 1991 ADA Standards for Accessible Design):

h) The knob (operable part) on the door and the door lock require both grasping and turning of the wrist. It should be replaced with a type that can be easily manipulated by individuals with limited dexterity (4.13.9).

i) 4.19.2 requires that sinks be mounted with the rim or counter surface no higher than 34 inches above the floor and must provide a clearance of at least 29 inches above the floor to the bottom of the apron, to allow knee and toe clearance, not provided here.

j) 4.19.3 requires a clear floor space, 30 inches by 48 inches (complying with 4.2.4) to be provided in front of a sink to allow a forward approach. Such clear floor space must adjoin or overlap an accessible route and extend a maximum of 19 inches underneath the lavatory. The table with paper towels also obstructs this required clear floor space.

k) 4.19.4 prohibits exposed hot water and drain pipes under lavatories which are not insulated or otherwise configured to protect against contact, to prevent burns when a person pulls beneath the sink in their chair.

l) 4.19.5 requires that faucets must comply with 4.27.4 by providing easily manipulated faucet controls which don't require grasping.

m) 4.19.6 requires mirrors to be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the floor.

o) 4.22.2 requires all doors to accessible toilet rooms to comply with 4.13, which requires a minimum 32 inch width. Doors may not swing into the clear floor space required for any fixture. This bathroom door is too narrow and swings into the clear floor space of the rooms fixtures.

29. There are additional barriers which may be revealed on further inspection of the Restaurant.

**FIRST CLAIM FOR RELIEF**
(Americans with Disabilities Act)

30. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

31. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

32. Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the subject property to individuals with disabilities;

d. Failing to design and/or construct the subject property so that it is readily accessible to and usable by individuals with disabilities;

e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

33. Defendants could have removed some of the illegal barriers at the Restaurant by i) ramping the step at the entrance; ii) purchasing ADA compliant tables; and iii) providing an ADA compliant bathroom.

34. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

35. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12188(b)(l)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. § 503(a).

36. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

37. Defendants' violations of the ADA have harmed and will continue to harm

Plaintiff in the future.

**SECOND CLAIM FOR RELIEF**
(Violation of New York State Executive Law)

38. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

39. The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

40. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

41. The Defendants have discriminated against Plaintiff in violation of Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

42. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

43. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

44. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

45. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

**THIRD CLAIM FOR RELIEF**
(Violation of the Administrative Code of the City of New York)

46. Plaintiff realleges and incorporates by this reference all allegations set forth in this

Complaint as if fully set forth herein.

47. The Defendants have, and continue, to subject Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

48. The Defendants have discriminated against Plaintiff in violation of Administrative Code § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

49. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130.

50. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

51. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

52. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was egregious, and undertaken with reckless disregard to

Plaintiff's rights under the Administrative Code.

53. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

54. By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from their discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The unlawful profits plus interest must be disgorged.

55. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

**FOURTH CLAIM FOR RELIEF**
(Violations of New York State Civil Rights Laws)

56. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

57. The Defendants have discriminated against plaintiff pursuant to Executive Law.

58. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

59. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**INJUNCTIVE RELIEF**

60. Plaintiff will continue to experience unlawful discrimination as a result of the Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

61. Injunctive relief is also necessary to make the Restaurant readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the entrance to the Restaurant, install ADA compliant tables and remove barriers to use of the toilet room.

**DECLARATORY RELIEF**

62. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

63. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F. Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

G. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 21, 2016

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza
New York, New York 10119
(212) 967-4440

# EXHIBIT A


82










RESTROOM







